UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Daniel Gramling, | ) C/A No. 9:14-3757-JMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Greenville County, d/b/a Greenville County | ) |
| Detention Center, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The Plaintiff, Joshua Daniel Gramling, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Greenville County Detention Center ("GCDC"), and alleges that the Defendant violated his constitutional rights.

Plaintiff asserts that he has "a well documented medical condition as a result of [his] service in the U.S. military." He claims that GCDC medical staff failed to draw his blood and send it for analysis which would have shown his condition warranted hospitalization, he had a pancreatic attack (on September 10, 2014) while he was in the GCDC medical unit and it took over nine hours for him to see a doctor, GCDC medical personnel abruptly stopped his pain medications without warning, GCDC medical personnel replaced his medications with over-the-counter Tylenol which caused Plaintiff's pancreas to "hurt even more," nurses ignored Plaintiff's pleas that Tylenol caused him pain, and he has not seen a doctor or specialist for his condition. Complaint, ECF No. 1 at 3-4. Plaintiff requests that he receive immediate medical care from a pancreatic specialist, that he receive



proper pain management, and that the FBI be directed to investigate the GCDC regarding its "conditions and capacity." Id. at 7.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, the GCDC is not a proper party defendant to a § 1983 action. Courts have routinely held that inanimate objects such as buildings, facilities, and grounds do not act under color



of state law, and are not a "person" subject to suit under § 1983.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)[California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [Finding that a building, detention center, or group of individuals employed by a state agency are not "persons" amenable to suit under § 1983]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].  Hence, GCDC is not a "person" amenable to suit under § 1983 and is thus subject to summary dismissal.

Greenville County, to the extent it was intended to be a separate Defendant, is also entitled to dismissal as a defendant to this action.  In order to maintain a 42 U.S.C. § 1983 municipal liability claim against a county or city, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy, or custom of the municipality.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); see also Los Angeles Cnty. v. Humphries, 562 U.S. 29 (2010)[local governing bodies can only be sued directly under §1983, regardless of relief sought, where the action that is alleged to be unconstitutional implements or executes a policy or custom].  Plaintiff does not specifically mention Greenville County except in the caption and "parties" section of his Complaint; Complaint, ECF No. 1 at 1; and otherwise makes no allegations against this entity, nor does he allege that any actions of which he complains were the result of a custom or policy of Greenville County.

3



Finally, even if a proper party Defendant had been named,[1] to the extent that Plaintiff's allegations concern a disagreement as to the medical treatment he received at the GCDC, his claims are subject to summary dismissal. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). As such, not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. In Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant. Here, Plaintiff admits he was seen by medical personnel at the GCDC, but claims he should have seen a specialist, received different pain medication, and had certain tests performed. Hence, to the extent Plaintiff is claiming he should have received different treatment, his factual allegations do not rise to the level of "deliberate indifference"; rather, his claims are for negligence or medical malpractice. Any claims that Plaintiff is asserting for negligent or incorrect medical treatment are not cognizable under § 1983; see Estelle v. Gamble, 429 U.S. at 106 [negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983]; although Plaintiff may pursue such claims in state court.

**Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

---

[1] In order to proceed with a damages claim under § 1983 alleging violations of a constitutional right, Plaintiff would need to name public officials in their individual capacities as the party Defendants(s).



Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 10, 2014
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

